■ FERROXCUBE CORPORATION, Appellant, v DONOVAN DESIGN ASSOCI-
ATES, INC., Respondent.—Appeal from a judgment of the Supreme Court,
entered August 21, 1974 in Ulster County, upon a verdict rendered at a
Trial Term in favor of defendant. Plaintiff and defendant entered into a
contract whereby the defendant was to manufacture a certain machine
composed of 11 sections and the plaintiff was to purchase such machine. The
machine was built and plaintiff made certain payments, but did not make
final payment. The plaintiff sued for a recovery of the amounts paid upon
the theory that defendant had breached the contract and the defendant
counterclaimed for the balance of the contract purchase price and also for
damages suffered upon the theory that plaintiff had breached the contract.
The trial court ruled that the defendant's remedy if the jury found a breach
of contract in its favor would be solely to recover the balance of the
purchase price. The jury found a breach by the plaintiff and the verdict was
for such balance. The plaintiff does not question the measure of damages as
such and its contentions upon this appeal are all without substantial merit
either as individual points or cumulatively. However, the plaintiff contends
that the monetary award does in fact result in full performance of the
contract by it and that the judgment leaves the machine in the possession of
the defendant, thus constituting an unjust situation. The defendant concedes
in its brief that it is obligated to deliver the machine upon payment to it of
the award and "consents" to a modification of the judgment to so provide.
Based upon the defendant's consent and concession, it appears that the
interests of justice would be served by providing for the defendant's admit-
ted further obligation. Judgment modified, on the law and the facts, by
adding thereto a decretal paragraph providing that upon payment of the
sum of $13,959.43 together with appropriate interest, the defendant is to
deliver the machinery which is the subject of this lawsuit to plaintiff, FOB
Saugerties, and, as so modified, affirmed, without costs. Herlihy, P. J.,
Sweeney, Kane, Main and Larkin, JJ., concur.